# MEMORANDUM

# A CASE NOT REPORTED IN FULL.

CHARLES H. BADLAM, Respondent, v. CHARLES G. SPRINGSTEEN, Appellant.

*Counter claim —when a judgment recovered against the plaintiff, during the pendency
of the action brought by the plaintiff, may be set up by the defendant.*

Appeal from a judgment in favor of the plaintiff, entered at the
St. Lawrence Circuit upon the trial of the action by the court with-
out a jury.

This action was commenced June 11, 1885. The plaintiff sought
to recover and did recover judgment for fifty-seven dollars and
seventy-two cents, of which forty dollars and seventy-two cents
were one-half the profits realized by defendant upon the sale of an
organ. The plaintiff was employed by defendant to make sales for
him of musical instruments under an agreement that plaintiff's
compensation should be one-half of the profits upon such sales, the
same to be paid plaintiff after defendant had received the price at
which the instruments were sold. The balance of the recovery,
seventeen dollars, was the price of a piano stool sold by plaintiff
to defendant. Both of these causes of action arose before
January 1, 1883.

The questions presented by this appeal are whether the defendant
established a defense or counter-claim to the above causes of action
or to either of them ? Five days before this action was commenced
the present defendant Springsteen brought an action against the
present plaintiff Badlam. The complaint in this action charged
that Badlam, as Springsteen's agent, in 1882 sold three organs to
different customers and received the prices thereof; that Badlam
was employed by Springsteen under an agreement to account and
pay to the latter such moneys as he should receive upon such sales,
and was to be paid for his services one-half the net profits, upon

and after such accounting and payment; that Badlam did not, though requested, account and pay as agreed, but kept $220 to his own use. Judgment was demanded for an accounting and for $220. Badlam by his answer admitted the employment and the receipt of the $220, and alleged that he was also to be allowed his expenses, which were stated at fifty dollars, and that his share of the profits exceeded fifty dollars. The defendant Springsteen by his original answer in the present action set up the same facts contained in the complaint in the action first brought. The action of Springsteen against Badlam was tried at circuit September 24, 1885. Badlam appeared by counsel, but offered no testimony, and the court found the facts as charged in the complaint, and directed judgment for $220, and interest thereon from January 1, 1885, that being the date mentioned in the complaint in which the cause of action was complete. Judgment was accordingly entered for $311.03 damages and costs.

Thereupon Springsteen served an amended answer in the present action, alleging the same facts as before, and in addition, the recovery of the above judgment. The plaintiff moved at Special Term to strike out the allegation respecting the judgment, but the motion was denied. No part of the judgment has been paid. The defendant requested the court to find, as conclusion of law, that the judgment so recovered was a bar to the cause of action set forth in the complaint, and that the matters, set up as a defense, constituted a set-off and counter-claim. The court refused to so find.

The court at General Term said : " The order of the Special Term refusing to strike out of Springsteen's answer in this action the allegation respecting the judgment, is an adjudication which the trial court could not review or disregard, that the judgment was properly pleaded. This judgment has three uses : First. It is a bar to any further litigation of the issues involved in the former action. (*Pray* v. *Hegeman*, 98 N. Y., 351; *Patrick* v. *Shaffer*, 94 id., 424.) Second. It is conclusive evidence of the truth of the matters thereby determined. (*Marston* v. *Swett*, 66 N. Y., 211; *Krekeler* v. *Ritter*, 62 id., 372.) Third. It is an established demand, valid against the plaintiff.

" The contention of the plaintiff, that because the defendant chose to take a judgment in the former action, he cannot avail

himself here of the benefit of the judgment, cannot be upheld. The plaintiff cites *Inslee* v. *Hampton* (11 Hun, 156). In that case Hampton first sued Inslee for proceeds of sales of merchandise. Inslee answered that his advances exceeded the proceeds of the sales, and on proof of this answer defeated Hampton, but he did not ask or recover for the excess of his advances over the proceeds, and he brought this second action for such excess and was defeated. The court properly held that he could not split his demand, and remarked that, having chosen to use his cause of action first as a shield he could next use it as a sword. The converse of the proposition is not true. The defendant may not repeatedly vex the plaintiff with further suits upon the cause of action he has once established, or upon the judgment (Code Civ. Pro., § 1913), but having established and recovered it, he may use his judgment as a shield against the attack of the plaintiff, and use it to his best advantage. The plaintiff can protect himself by paying the judgment.

" The judgment establishes the fact that the plaintiff owes the defendant upon account of the matters alleged in the complaint in the first action, and in the answer in this action, $311. If the plaintiff owes the defendant that sum, why should not the defendant be permitted to set it off or counter-claim it against any contract demand of the plaintiff? The judgment also establishes the truth of defendant's answer. If the answer is true, why should not the truth avail the defendant? An unpaid judgment may be set up as a counter-claim. It is a cause of action. (Code of Civil Pro., § 501.) Suit may be brought upon it with leave of the court, but leave of the court does not constitute a cause of action. ( *Wells* v. *Henshaw*, 3 Bos., 625.) Of course the defendant can have only one satisfaction, but he should not, as under the plaintiff's contention, be precluded from obtaining that. We think the judgment should have been for the defendant."

*Hannibal Smith*, for the appellant.

*John W. Stone*, for the respondent.

Opinion by LANDON, J.; BOOKES, P. J., and PARKER, J., concurred.

Judgment reversed, new trial granted, costs to abide event.